IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WA'IL M. MUHANNAD, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 3:06-cv-377-DRH |
| ) | |
| UNITED STATES PAROLE COMMISSION, ) | |
| ) | |
| Respondent. ) | |

**REPORT AND RECOMMENDATION**

This matter has been referred to Magistrate Judge Donald G. Wilkerson by District Judge David R. Herndon pursuant to 28 U.S.C. § 636(b)(1)(B), Federal Rule of Civil Procedure 72(b), and Local Rule 72.1(a) for a Report and Recommendation on the Petition for a Writ of Habeas Corpus filed by the petitioner, Wa'il M. Muhannad, on May 15, 2006 (Doc. 1) and the Motion for Preliminary Injunction and Temporary Restraining Order filed by the petitioner on May 15, 2006 (Doc. 2). For the reasons set forth below, it is **RECOMMENDED** that the Petition be **DENIED**, that the motion be **DENIED**, and that the Court adopt the following findings of fact and conclusions of law:

### FINDINGS OF FACT

On June 5, 1989, the petitioner was sentenced to 5 years imprisonment for making a false statement on an ATF form and a concurrent sentence of 15 years imprisonment for the offense of being an armed career criminal. The petitioner began serving his terms of incarceration on October 20, 1993 (he was serving a state sentence prior to the federal sentence) (Petition Ex. 1). The petitioner asserts that his mandatory release date should be May 30, 2006 and not July 2, 2006, the date when he was actually released from prison. He asserts that he was denied "extra good time" from October 12, 2005 to April 7, 2006 in that it was "retroactively

terminated or disallowed" in violation of 28 C.F.R. §523.17(q).

On October 12, 2005, the petitioner was placed in the Community Corrections Center in Des Moines, Iowa (Petition ¶3). On November 10, 2005, he then was placed in a county jail (Petition ¶4). In a calculation of his release date made on December 14, 2005, the Bureau of Prisons indicated that his release date was May 30, 2005 (Petition Ex. 1). However, in a subsequent recalculation, made on April 7, 2006, the projected release date was stated as July 2, 2006 (Petition Ex. 2). The petitioner filed a document on April 7, 2006 entitled "Administrative Remedy – Informal Resolution" which challenged the change in his projected release date (Petition Ex. 3 p. 1). In this document, he characterizes the change in the release date as a retroactive disallowance of good time that had vested. In a response, which is dated April 13, 2006, Associate Warden R. Rau indicated that the petitioner was only give extra good time for the time that he stayed at the Community Corrections Center, from October 12, 2005 to November 10, 2005 (Petition Ex. 3 p. 2). The petitioner then filed a "Request for Administrative Remedy" on April 21, 2006 (Petition Ex. 3 p. 3). In a response (dated April 25, 2006), Warden B. A. Bledsoe repeated that the April 7, 2006 re-calculation was the correct computation of the petitioner's release date (Petition Ex. 3 p. 4). There is no indication in the record that the petitioner appealed the Warden's decision. Indeed, the petitioner indicates that he did not appeal because he believes that he would not have received a response prior to his release date.

### CONCLUSIONS OF LAW

The petitioner seeks relief pursuant to 28 U.S.C. §2241. Prior to seeking relief, however, the petitioner should have exhausted his administrative remedies. Gonzalez v. O'Connell, 355 F.3d 1010, 1015-1016 (7th Cir. 2004); Clemente v. Allen, 120 F.3d 703, 704 (7th Cir. 1997). The

petitioner may be excused from following through with his administrative remedies if:

> 1) requiring exhaustion of administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised.

Gonzalez, 355 F.3d at 1016.

Here, the petitioner asserts that he did not complete his administrative remedies because it would have taken too long.

The petitioner started the administrative process on April 7, 2006. He received a response from the Warden on April 25, 2006. After the Warden's response, regulations provide for an appeal to the Regional Director and then to the General Counsel. 28 C.F.R. §542.15. The regulations provide for a 30 and 40 day response deadline, respectively. 28 C.F.R. §542.18. The petitioner does not specifically assert that there would be unreasonable delay. Rather, he states there is no regulation to deal with this type of grievance in an expeditious manner and that exhausting his remedies may have taken five months, which falls beyond his release date. While there may have been delay in reviewing the petitioner's administrative appeals, it does not necessarily follow that the delay would have been unreasonable. Indeed, pursuing the administrative remedies certainly would have been more expedient than filing the instant habeas petition.

In any event, 28 U.S.C. §2241 states that "the writ of habeas corpus shall not extend to a prisoner unless . . . he is in custody . . . ." The petitioner no longer is in custody. It is unclear, at this stage of the proceedings, what injury the petitioner is suffering or what remedy the Court

can afford through this habeas petition.  See Spencer v. Kemna, 523 U.S. 1, 7 (1998); Cochran v. Buss, 381 F.3d 637, 640-641 (7th Cir. 2004).  He cannot seek release – he has already been released.  There has been no showing of any collateral consequences.  As there is no live case or controversy, there can be no relief afforded through §2241.  As such, it is recommended that both the petition and the motions for injunctive relief be denied.

### CONCLUSION

For the reasons set forth above, it is **RECOMMENDED** that the Petition for a Writ of Habeas Corpus filed by the petitioner, Wa'il M. Muhannad, on May 15, 2006 be **DENIED** (Doc. 1) and the Motion for Preliminary Injunction and Temporary Restraining Order filed by the petitioner on May 15, 2006 be **DENIED** (Doc. 2), and that the Court adopt the following findings of fact and conclusions of law:

Pursuant to 28 U.S.C. § 636(b)(1) and Local Rule 73.1(b), the parties shall have ten (10) days after service of this Recommendation to file written objections thereto.  The failure to file a timely objection may result in the waiver of the right to challenge this Recommendation before either the District Court or the Court of Appeals.  Snyder v. Nolen, 380 F.3d 279, 284 (7th Cir. 2004); United States v. Hernandez-Rivas, 348 F.3d 595, 598 (7th Cir. 2003).

**DATED: August 7, 2006**

          *s/ Donald G. Wilkerson*
          **DONALD G. WILKERSON**
          **United States Magistrate Judge**